[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: TERMINATION OF PARENTAL RIGHTS
This is a petition brought by the Department of Children and Families seeking to terminate parental rights of the parents of Sean B., named in the petition. Sean B. is four years old, born October 5, 1989. He has been in foster care continuously since he was discharged from the hospital and temporary custody was obtained by the state in November 1989, at approximately six weeks of age. He was subsequently adjudicated uncared for due to his specialized needs and committed to the Department in December 1989, which commitment was extended in April 1991 and again on May 25, 1994 in connection with these proceedings. The child has multiple medical problems and disabilities since his premature birth including being blind, hearing impaired, epileptic and hydrocephalic and wearing a shunt.
At the time of filing this petition, the whereabouts of both parents was unknown, but, according to relatives, both were believed to still be in the New Haven area. Notice of these proceedings was given by publication.
The petitioner has established by clear and convincing evidence that both parents have abandoned the child and have failed to maintain a reasonable degree of interest, concern or responsibility in the welfare of the child. The father has not visited the child at all and the mother only visited the child once since placed in foster care, and this was in December 1989. Neither parent has even contacted the Department in the past four years to inquire concerning the child. See Social Study, Exhibit A.
The petitioner has also established by clear and convincing evidence that neither parent has even attempted to achieve any CT Page 5818-A personal rehabilitation so as to assume a responsible position in the life of the child. The father essentially "gave up" while the child was still in the hospital after birth, acknowledging that foster care was appropriate and that he was incapable of providing the special care Sean required. The mother did participate in the commitment proceedings, but once the child was placed in foster care made no further effort to visit, to be involved in his care, or to learn how to care for his special needs, even though she agreed to these expectations and the Department offered services to assist her.
The court also finds by clear and convincing evidence that there is not now and never has been an ongoing parent-child relationship with either parent. Neither parent was ever willing or able to care for this child and neither is or has been available for any attempt at reunification. The child has no knowledge of his birth parents; the only family he has had is his foster family who provided for all his needs and helped him to achieve a level of functioning surpassing the doctors' best expectations for him.
There was no evidence or indication that either parent was prevented from maintaining a meaningful relationship with the child by any person or by economic circumstances. Quite simply, and sadly, the parents were not willing or able to take on the task of caring for this special needs child, even with assistance. These circumstances have existed for four years and are not likely to change.
Although the adoption prospects for a child such as Sean are limited, and it may not be in his best interest to move him from his foster family where he is cared for so well, Sean still deserves permanency, even if that means long-term foster care. It is in Sean's best interest to grant the petition. Accordingly, the court hereby terminates the parental rights of the parents of Sean B. and appoints the Commissioner of the Department of Children and Families statutory parent. A case plan must be filed with the court on or before September 15, 1994. Notice of the decision is ordered to be given to said parents by publication.
So ordered.
Karen Nash Sequino, Judge CT Page 5818-B